UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRAIG ALLAN KRAMER,           )
                              )
        Plaintiff             )
                              )
v.                            )       No. 1:10-cv-207-JAW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
        Defendant             )

# REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge erred in identifying certain transferable skills and that the jobs listed as available to him are not consistent with the residual functional capacity ("RFC") assigned to him by the administrative law judge. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from status post stent implantation in the coronary circumflex artery and degenerative disease of the right knee, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Subpart P (the "Listings"), Findings 3-4, Record at 54-56; that he retained the RFC to perform light work except that he could sit for only one hour at a time and should be allowed to alternate sitting and standing, could stand for 15 to 20 minutes at a time, could walk for 20 to 30 minutes at a time, and could not perform high stress jobs, Finding 5, *id.* at 56-57; that he was unable to perform his past relevant work, Finding 6, *id.* at 60; that, given his age (49 on the alleged date of onset of disability), at least high school education, transferable skills, and RFC, the plaintiff was able to transfer acquired work skills to other occupations with jobs existing in significant numbers in the national economy, Findings 7-10, *id.*; and that, therefore, he had not been under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset, April 28, 2006, through the date of the decision, Finding 11, *id.* at 61. The Appeals Council declined to review the decision, *id*, at 1-3, making it the final decision of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the

commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Transferable Skills

The administrative law judge found that the plaintiff's past jobs as a firefighter and an emergency services dispatcher required the following skills: "[p]erform a variety of duties, deal with people, perform effectively under stress, and make judgments and decisions." Record at 60. These were identified by the vocational expert in his testimony as the transferable skills he would consider in responding to the administrative law judge's hypothetical questions. *Id*. at 41. The plaintiff contends that these are not job skills in the world of Social Security, but rather traits, the existence of which has no effect on the question of whether an applicant has transferable work skills. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2-6.

In order to find that a claimant who cannot return to his past relevant work can perform other work of a skilled or, as in this case, semi-skilled nature, an administrative law judge must find that the claimant has skills developed in his past work that can be transferred to the specific other work identified as available for him. 20 C.F.R. § 404.1568(d); Social Security Ruling 83-10, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 26; *see also Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998). In the instant case, the vocational expert so testified, and the administrative law judge relied on his testimony. The plaintiff's challenge here, then, is not to the administrative law judge's findings, but rather to the vocational expert's testimony.

This challenge raises a threshold issue not addressed by the plaintiff's itemized statement: whether the vocational expert is required to identify the specific skills that are transferable and to explain how those skills would be used in the jobs identified as available to a claimant with the RFC assigned by the administrative law judge. The case law appears to be divided on this question. *Parrott v. Astrue*, No. 3:10-CV-00201-J-34JBT, 2010 WL 5620402, at *9 & n.8 (M.D. Fla. Dec. 22, 2010) (declining to reach the issue and noting that the Second and Ninth Circuits require specific findings on transferable skills even where the administrative law judge relies on the testimony of a vocational expert while the Sixth and Eight Circuits require such findings only when the administrative law judge relies solely on Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid")). If no such findings are required in this case, where the administrative law judge did not rely solely on the Grid, his reliance on the vocational expert's testimony and adoption of the vocational expert's testimony identifying specific transferable skills could not constitute reversible error.

Social Security Ruling 82-41, upon which the plaintiff relies, Itemized Statement at 3, states, in relevant part: "When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision." Social Security Ruling 82-41, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 855. That was done in this case. However, because the vocational expert's testimony does appear to be erroneous, in that it lists as transferable skills what are actually only traits that would be welcome in an individual performing any job,[2] I conclude that the plaintiff should be allowed to challenge that testimony directly.

---

[2] The listed "skills" are: performing a variety of duties, dealing with people, performing effectively under stress, and making judgments and decisions. Record at 60.

4

As the court noted in *Ellington v. Secretary of Health & Human Servs.*, 738 F.2d 159, 161 (6th Cir. 1984), skills identified as "independence of judgment" and "responsibility for work product" "are too vague to constitute particular skills which are transferable." Such "skills" are not distinguishable "from those of a lawyer, a secretary or a nuclear physicist." *Id*. In *Draegert v. Barnhart*, 311 F.3d 468 (2d Cir. 2002), the court, holding that "there is an inherent difference between aptitudes and skills" in Social Security parlance, *id*. at 474, found that the following abilities were not transferable skills: to learn and apply rules and procedures, to use reason and judgment in dealing with all kinds of people, to think clearly and react quickly in an emergency, to keep physically fit, to make conclusions based on facts and one's personal judgment, and to change easily and frequently from one activity to another. *Id*. at 476-77. Remand was ordered in both of these cases.

For the case at hand, the identified "skills" do not differ significantly from those rejected in *Ellington* and *Draegert*, and I, therefore, reject them as a basis for the vocational expert's identification of three semi-skilled jobs that the plaintiff could perform, given the RFC assigned by the administrative law judge. This does not end the matter, however, because the vocational expert also identified one unskilled job, that of addresser, which the administrative law judge also adopted. Record at 61. There is no need for any transferable skills when considering a job classified as unskilled.

### B. The Addresser Job

The plaintiff first argues that the addresser job is also unavailable to him because, as of his fiftieth birthday, which occurred after his alleged onset date but before the administrative hearing, "he cannot be found [not to be] disabled on the basis of an unskilled sedentary job . . . pursuant to Grid Rule 201.14[.]" Itemized Statement at 6. This is an incorrect method of

applying the Grid. The Grid is not designed to be applicable to individual jobs. Rather, it applies to the maximum sustained work capability assigned to a claimant by the administrative law judge. Grid § 200.00. In this case, the administrative law judge assigned the plaintiff an RFC for light work. Record at 56. Thus, if the Grid were to be used at all in determining the plaintiff's entitlement to benefits, the applicable section would be found in Table 2, which deals with an RFC for light work, specifically, section 202.14 or 202.15, both of which direct a finding of "Not disabled."

But, because the administrative law judge found that the plaintiff suffered from additional, non-exertional impairments, the Grid was not applied in this case. Record at 60-61. The Grid cannot be applied on a job-by-job basis, as the plaintiff would have it.

Accordingly, the addresser job remains viable. This court has said repeatedly that one job is sufficient to satisfy the commissioner's burden at Step 5. *E.g., Doucette v. Barnhart,* No. 04-89-P-S, 2004 WL 2862174, at *6 (D. Me. Dec. 13, 2004).

### C. SSRs 96-6p and 96-8p

The plaintiff next contends that an RFC for light work is fatally inconsistent with a limitation to walking 3-4 hours per day. Itemized Statement at 7-8. A job classified as light work includes "a good deal of working or standing." 20 C.F.R. § 404.1567(b). The plaintiff points out that the state-agency consultants found that he was limited to walking 3-4 hours per day and argues that the administrative law judge violated SSR 96-6p by failing to explain the weight he gave to those opinions. Itemized Statement at 7.

The administrative law judge gave the following explanation of his decision to give limited weight to "[t]he medical opinions of the State Agency . . . medical experts":

> Additional evidence has been added to the record since it was last reviewed by the state agency. Additional weight has been given to the

6

> [plaintiff's] statement that he must avoid extremely stressful work environments, such as an emergency call center, since that allegation is supported by a treating physician's statement. Benefit of doubt regarding [] his physical limitations has been given the [plaintiff], and the physical capacity to which he testified has essentially been incorporated into the residual functional capacity.

Record at 59-60.

On May 10, 2007, Iver C. Nielson, M.D., completed a Physical Residual Functional Capacity Assessment in which he checked the box "at least 2 hours in an 8-hour workday," under the heading "Stand and/or walk (with normal breaks) for a total of . . .." *Id*. at 487. The next available box reads "about 6 hours in an 8-hour workday." *Id*. Question 6 on the same page asks the evaluator to explain his responses to Questions 1 through 5. *Id*. The standing/walking question is number 3. *Id*. Dr. Nielsen's response to Question 6 is "3 - Four hours." *Id*. On October 25, 2006, Robert Hayes, D.O., completed the same form, checking the same box. *Id*. at 300. In the area provided for explanation of his responses to questions 1-6 on that page, Dr. Hayes wrote: "May walk and stand 3 hours daily." *Id.*

The RFC assigned by the administrative law judge states that the plaintiff "can stand for 15 to 20 minutes at a time, walk for 20 to 30 minutes at a time." *Id*. at 57. This conclusion is based on the plaintiff's own testimony. *Id*. It is not inconsistent with the state-agency conclusions. With sitting one hour at a time and an at-will sit/stand option, the plaintiff need not stand or walk more than a total of three to four hours per work day. Therefore, no further explanation was required under Social Security Ruling 96-6p. Social Security Ruling 96-6p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011), at 130-31.

Contrary to the plaintiff's contention, this court has not interpreted Social Security Ruling 96-8p to require the administrative law judge to list specifically the amount of each function the claimant can perform within the definition of light work, on pain of reversal. Itemized Statement

7

at 8. For example, an administrative law judge is not required to specify the frequency of a claimant's need to alternate sitting and standing when the assigned exertional capacity is light or higher. *Grey v. Astrue*, Civil No. 09-645-P-H, 2010 WL 3957392, at *2 (D. Me. Oct. 6, 2010). The plaintiff has not cited any authority for his position on this point other than the Ruling. Here, the hypothetical question to the vocational expert, Record at 42, included all of the limitations included in the RFC ultimately assigned by the administrative law judge. It is reasonable to conclude that any job functions not specifically mentioned were not limited. If there was any error in this regard, it was harmless.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge